# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Edward "Sully" Danks Sr, and Georgiana Danks, as land owners, <br><br> Plaintiffs, <br><br> vs. <br><br> Slawson Exploration Company, Inc., and White Butte Oil Operations, LLC, <br><br> Defendants. | **ORDER DENYING THE MOTION TO DISMISS AND ALLOWING PLAINTIFFS TO FILE AN AMENDED COMPLAINT** <br><br> Case No. 1:18-cv-186 |

Before the court is defendant's motion to dismiss. Plaintiffs oppose the motion.

## I.  GOVERNING LAW

Fed. R. Civ. P. 12(b)(6) requires dismissal of an action if there has been a failure to state a claim upon which relief can be granted. To state a cognizable claim, the complaint need only meet the requirement of Rule 8(a)(2) that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The exceptions (which are not applicable in this case) are set forth in Fed. R. Civ. P. 9.

While the pleading requirements of Rule 8(a)(2) are not onerous, more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Id. at 555. Also, the complaint must satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678–84 ("Iqbal").

1

Under the Iqbal/Twombly plausibility standard, the complaint must state enough factual matter, which if accepted as true, states a claim that is plausible on the face of the allegations. See id. A claim crosses the threshold of being plausible when the factual allegations do more than merely create a suspicion of a legally cognizable action and "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680–81.

Determining whether a complaint states a plausible claim is "a context specific task" that requires the court "to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Finally, "a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848–49 (8th Cir. 2014) (internal quotations and citing authority omitted).

## II. DISCUSSION

Plaintiffs allege in their complaint that they are the surface owners of land located on the Fort Berthold Indian Reservation, that defendants operate oil wells on their property, that an oil spill occurred, and that defendants have failed to pay plaintiffs for damage caused by the spill. These allegations, while bare bones, are sufficient to state a claim for damages arising under tort or

2

possibly also nuisance.

What muddies the water, however, is an additional paragraph in the complaint that recites a portion of what defendants contend in their motion to dismiss (and what plaintiffs appear to agree in their response) is a paragraph from a 2010 Surface Damage, Access and Easement Agreement ("2010 Agreement"). While acknowledging that the complaint is not a model of clarity, defendants contend that the inclusion of this paragraph suggests that the claim plaintiffs are intending to bring is for a breach of the 2010 Agreement. Defendants go on to contend that the 2010 Agreement was replaced by a Surface Use and Damage Agreement dated October 2, 2012 ("2012 Agreement"). Defendants have submitted both agreements and argue the court can consider them upon a motion to dismiss since the complaint makes reference to the 2010 Agreement and that the 2012 Agreement is a public record. Defendants argues that, since the 2010 Agreement was not operative when the alleged spill took place given its replacement by the 2012 Agreement, the complaint fails to state a claim upon which relief can be granted.

While the complaint never explicitly alleges the 2010 Agreement was breached, it does appear from the reference to it that plaintiffs are attempting to assert a claim arising under that Agreement. Further, in their response to defendants' motion, plaintiffs argue the 2012 Agreement merely supplemented the 2010 Agreement and did not replace it. Also, prior to filing their complaint in this action, plaintiffs attempted to assert a claim pursuant to the 2010 Agreement in tribal court, which was dismissed based upon the tribal court's conclusion that a forum selection clause of the 2012 Agreement applied and did not permit suit in that court.

3

Upon review the 2012 Agreement and its exhibits,[1] the court agrees that plaintiffs' released the 2010 Agreement and that it cannot be the subject of a claim for breach of contract. However, this does end the matter. While plaintiffs' response to defendants' motion to dismiss, like the complaint, is not a model of clarity, plaintiffs appear to be contending that what they have pled supports a claim under N.D.C.C. § 38-11.1-04, which is part of North Dakota's Oil and Gas Production Damage Compensation Act. However, the complaint makes no reference to this law.

As noted earlier, the court's task at this point is determine whether the allegations of the complaint support a claim under any possible theory and the court does believe plaintiffs have stated at least a common law claim for damages to their property arising under tort as well as possibly nuisance. Whether plaintiffs have also alleged facts sufficient to state a claim under ch. 38-11.1 is not something the court need decide now given what follows.

Defendants are entitled to adequate notice of the claims being asserted. Consequently, while the court is going to deny the motion to dismiss, the court will give plaintiffs twenty days to serve and file an amended complaint that more clearly sets forth the claim(s) they are asserting, including whether they are attempting to bring a claim pursuant to N.D.C.C. ch. 38-11.1.[2] On the other hand, if plaintiffs do not wish to proceed given the court's ruling that they do not have a claim pursuant to the 2010 Agreement, plaintiffs should file an appropriate motion to dismiss the action.

---

[1] Plaintiffs have not contended in their response that the 2012 Agreement and it exhibits as proffered by the defendants are not genuine.

[2] In providing plaintiffs with an opportunity to clearly articulate a claim under N.D.C.C. ch. 38-11.1, the court is making no ruling as to whether that chapter in fact provides a damage remedy for an oil spill. The court also notes that § 38-11.1-10 provides that the remedies under ch. 38-11.1 are not exclusive and do not preclude other remedies allowed by law. Finally, the court is not foreclosing plaintiffs from also including a claim pursuant to the 2012 Agreement. Defendants argue in a footnote to their briefing that, before any such claim could be brought, there is a condition precedent that must be satisfied, *i.e.*, defendants are entitled to 60-days notice and an opportunity to cure. Whether this provision would apply and/or whether the court would consider the defense on a motion to dismiss are not things the court need opine on now.

## III. ORDER

Defendants' Motion to Dismiss (Doc. No. 8) is **DENIED**. Plaintiffs have twenty (20) days to file and serve an amended complaint that more clearly sets forth the claims that they are asserting.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2019.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court