**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Edward "Sully" Danks, Sr., and Georgianna Danks, as Land Owners, ) ) ) | |
| Plaintiffs, ) ) | **ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT** |
| vs. ) ) | |
| Slawson Exploration Company, Inc., and White Butte Oil Operations, LLC, ) ) ) | Case No. 1:18-cv-186 |
| Defendants. ) | |

Before the court is defendants' motion for more definite statement. For the reasons expressed below, the motion is granted.

I. **BACKGROUND**

This is an action by plaintiffs seeking relief from a spill of oil on property in which they possess an interest.

Defendants initially filed a motion to dismiss plaintiffs' complaint for failure to state a claim. In ruling on the motion, the court concluded that (1) plaintiffs did not have claim for breach of a 2010 Agreement that was referenced in the complaint; and (2) plaintiffs had not sufficiently stated a claim for relief pursuant to N.D.C.C. ch. 38-11.1 as suggested in their response to the motion. However, the court concluded plaintiffs had pled just enough to state a common law claim for damage to property and possibly one for nuisance but it was not clear from their response to the motion to dismiss whether they were intending to assert these claims. The court denied the motion to dismiss, but, given the confusion over what claims plaintiffs were attempting to assert, gave plaintiffs 20 days to serve and file an amended complaint more clearly setting forth the claims being

1

asserted.

Thereafter, plaintiffs filed an amended complaint removing reference to the 2010 Agreement and adding an allegation that the oil spill alleged in the pleading occurred on top of the banks used by plaintiffs for water supply for their livestock. Otherwise, the amended complaint mirrored the original complaint and, notably, did not include an allegation that plaintiffs were pursuing a claim pursuant to N.D.C.C. ch 38-11.1.

## II. **DISCUSSION**

In the motion for more definite statement now before the court, defendants argue that, with the deletion of the reference to the 2010 Agreement in the amended complaint as well as its failure to state explicitly whether plaintiffs' claim arises in contract, tort, or by statute, defendants are without sufficient notice as to the claims being asserted against them. In making these arguments, defendants ignore the court's conclusion that the original complaint, while bare bones, was sufficient to state at least a common law claim for damage to property. That has not changed with the amended complaint.

Further confusing matters, however, plaintiffs' response to defendants' motion, which provides what purports to be a more definite statement. Plaintiffs' "more definite statement" states for the first time that they are bringing claims (1) for breach of a consent decree entered by this court in United States v Slawson Exploration Company, 1:16-cv-413;[1] and (2) pursuant to the Oil Pollution Act of 1990 ("OPA"). With respect to the OPA claim, plaintiffs now allege that the oil spill contaminated the surface water on plaintiffs' land. Further, while the court earlier concluded

---

[1] It does not appear that plaintiffs have a claim for breach of the referenced consent decree for the reasons articulated by defendants, including particularly the fact they are not parties to the agreement.

2

that plaintiffs had stated enough to assert a common law claim for damage to real property as well as likely a claim for nuisance, there was no reference to such claims in plaintiffs' more definite statement. Thus, it is not clear whether plaintiffs are intending to pursue such claims (relying upon the court's earlier order stating that the allegations in the original complaint and now repeated in the amended complaint are sufficient) or whether they have decided not to pursue them.

Given this state of affairs, further clarification is unfortunately necessary. Further, it is more efficacious in this instance for there to be only one pleading that fully sets forth plaintiffs' claims rather than an amended complaint supplemented by a pleading setting forth a more definite statement. See Shallal v. Gates, 254 F.R.D. 140, 142 n.4 (D.D.C. 2008); Lewis v. Textron Automotive Co., 935 F. Supp. 68, 71 (D.N.H. 1996); F.D.I.C. v Reiner, 144 F.R.D. 599, 600 (D. Maine 1992). Consequently, the court will order that plaintiffs file a second amended complaint that fully sets forth the claims they are asserting—this time with each claim to be pled in separate counts.

Defendants further argue that they need more information in order to respond to plaintiffs' jurisdictional allegations. Plaintiffs have alleged that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1332 (diversity jurisdiction), § 1362 (claims by Indian tribes), and § § 2201 (declaratory judgment). Defendants contend the need for more information is because they believe there is not a basis for jurisdiction in this case under any of these statutes.

While the question of the court's jurisdiction is not squarely before the court, defendants correctly observe that §§ 1362 and 2201 do not provide the court with jurisdiction.[2] With respect

---

[2] See, e.g., Wardle v. Northwest Inv. Co., C.A.8 (Minn.) 1987, 830 F.2d 118 ("28 U.S.C. § 1362 is inapplicable because it authorizes actions by 'any Indian tribe or band,' not suits by individual Indians."); Terminal Freight Handling Co. v. Solien for & on Behalf of N. L. R. B., 444 F.2d 699, 703 (8th Cir. 1971) ("It is correctly pointed out that the federal Declaratory Judgment Act, 28 U.S.C. 2201, does not confer jurisdiction but rather provides an additional remedy

to § 1331, defendants argue there is no viable OPA claim if the thrust of the claim is to recover civil penalties referenced in plaintiffs' more definite statement. While it does appear that defendants are correct and that the civil penalties referenced by plaintiffs are only recoverable by the government,[3] the OPA does allow private parties to recover damages for contamination of "navigable waters or adjoining shorelines" resulting from oil spills. 33 U.S.C. § 2702.[4] If plaintiffs allege the basic elements of a claim pursuant to the OPA (including a good faith allegation that the oil spill has contaminated navigable waters or adjoining shorelines), that is all that is required to provide the court with jurisdiction over the OPA claim. In addition, the court would likely then have supplemental jurisdiction over any other claims.

As for plaintiffs' allegation of diversity jurisdiction, defendants contend that plaintiffs are not able to satisfy the threshold requirement that the amount-in-controversy be in excess of $75,000. Defendants argue that plaintiffs have conceded they cannot determine the extent of any damages caused by the alleged oil spill based upon their statement that an independent consultant is required to assess damages. Defendants further point to a report of their consultant, which they have submitted as an exhibit to their motion. Defendants contend the report demonstrates there was no damage from the oil spill, which they contend was nominal in amount. Based on all of this, defendants argue plaintiffs need to provide more information with respect to their damages.

Plaintiffs, however, do not have to accept defendants' representations with respect to the

---

where jurisdiction already exists.") (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)).

[3] See 33 U.S.C. § 1321.

[4] 33 U.S.C. § 2701 (21) defines "navigable waters" to be the waters of the United States, including the territorial sea. See, e.g., Chevron U.S.A. Inc. v. Apex Oil Co., Inc., 113 F. Supp. 3d 807, 816 (D. Md. 2015) (noting the definition and discussing the recent cases addressing what constitutes waters of the United States).

4

amount of the spill. Nor do they have to accept the inferences that defendants claim flow from their consultant's report or the report's methodology and accuracy. Finally, plaintiffs at this earlier stage are not required to prove their damages. Rather, plaintiffs need only allege that the amount-in-controversy is in excess of the $75,000 jurisdictional threshold (as they have done) and have a good faith basis for their allegation. See, e.g., Peterson v. The Travelers Indemnity Company, 867 F.3d 992, 995 (8th Cir. 2017) ("[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount. * * * * The legal certainty standard is met where the legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.") (internal quotations and citing authority omitted).

Here, defendants have acknowledged there was a spill and there is nothing in the material that has been proffered to the court so far that indicates that the spill was evaluated by an independent agency. Also, while at the end of the day it may be that defendants' consultant report is accurate, its methodology sound, and that it truly reflects the purported lack of damage, that is not clearly obvious from the report.[5]

If remediation is required for the spill, it would not take much to get to the threshold amount of $75,000. Further, the cost of remediation may not be the only measure of damages. Another possible measure might be the diminution in value to the property, which also would not take much to reach the jurisdictional threshold. Consequently, it may be difficult at the pleading stage for the court to conclude with "legal certainty" that the damages claimed by plaintiffs cannot meet the

---

[5] Among other things, the report contains no photographs, no discussion of visual observations, appears to accept a face value the quantum of spilled material, appears to accept at face value someone else's determination of the impacted area (i.e., the area that was mowed), and, without any explanation for why, does not sample the soil on the drill site in the path of the area outside that was sampled.

jurisdictional threshold.[6]

Based on the foregoing, the court **GRANTS** defendants' motion for more definite statement (Doc. No. 20) to the extent provided below and **ORDERS**:

1. Plaintiffs shall provide the more definite statement in the form of a second amended complaint, which must be served and filed within 10 (ten) days from the date of this order.

2. Plaintiffs shall plead, in separate counts, any and all claims for statutory violation, breach of any agreements, and/or common law claims.

3. Since the OPA applies only to claims for pollution to "navigable waters or adjoining shorelines," any claim pursuant to the OPA should contain an allegation that the claimed oil spillage contaminated navigable waters or adjoining shorelines if such an allegation can be made in good faith.

Dated this 22nd day of January, 2020.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[6] That being said, plaintiffs will have to ultimately prove their damages, which likely will require assistance from one or more experts. Plaintiffs seek in their pleadings an order from the court requiring an independent evaluation of the spill. However, if there is any authority for the court being able to provide such relief, the undersigned is not aware of it and doubts it exists. The type of outside assistance that plaintiffs seek normally would come from a governmental body with regulatory and investigative authority.